UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ, | Case No. 1:23-cv-00333-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| SONY COMPUTER ENTERTAINMENT AMERICA, LLC, | |
| Defendant. | |

## I. INTRODUCTION

Before the Court is Plaintiff Raul Mendez's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. § 1915(e)(2), before granting leave to proceed in forma pauperis, the Court must undertake an initial review of Mendez's Complaint to ensure it meets the minimum required standards.

For the reasons below, the Court finds that Mendez's Complaint does not meet the minimum required standards. Therefore, it must DISMISS this case with prejudice. Due to the dismissal, the filing fee for this case is waived.

## II. BACKGROUND

This case is a reassertion by Mendez of a case he originally brought before the Court in December 2020. *See Mendez v. Sony Computer Entertainment America, LLC*, Case No. 1:20-cv-00588-DCN (hereinafter "Case 588"). In that case, as here, Mendez sought damages from Sony for Sony's alleged removal from Mendez's PlayStation of digital content that

Mendez had purchased. Finding that the dispute was subject to an arbitration provision under the PlayStation Network Terms of Service and User Agreement, the Court stayed Case 588 and ordered that Mendez pursue his claims through arbitration. Case 588, Dkt. 17.

In response to the Court's order, Mendez filed a Motion to Lift Stay. Case 588, Dkt. 19. Upon consideration, the Court denied his motion. Unhappy with the Court's denial, Mendez refiled a nearly identical motion, again requesting that the stay be lifted. Case 588, Dkt. 34. The Court again declined to lift the stay and warned Mendez that his filing of repetitive motions could result in sanctions under Rule 11 of the Federal Rules of Civil Procedure.[1] Case 588, Dkt. 39, at 2. Undeterred, Mendez filed a third Motion to Lift Stay, reproducing his previous motions in all material aspects. Case 588, Dkt. 40.

On May 5, 2023, the Court denied Mendez's motion for a third time and allotted him thirty days to file a document showing cause why he should not be sanctioned under Rule 11. Case 588, Dkt. 41, at 5. Failure to do so, the Court cautioned, would result in dismissal of his case and the imposition of a $200 fine. *Id.* at 5. Instead of filing the requested document, Mendez filed a Motion for Extension of Time to File Appeal. Case 588, Dkt. 42. The Court denied that motion, but on its own initiative, it granted Mendez seven *additional* days to show cause why he should not be sanctioned. On July 3, 2023, having not received the requested filing, the Court dismissed Mendez's case with prejudice and ordered that he pay the aforementioned fine. Case 588, Dkt. 44, at 5–6.

---

[1] This was not the first time the Court had been confronted with duplicative, repetitive filings from Mendez. A brief history of the Court's dealings with Mendez is set forth in *Mendez v. City of Boise*, 2022 WL 834646 at *3–9 (D. Idaho Mar. 21, 2022). There, the Court warned Mendez that he could be declared a vexatious litigant if he refuses to follow the Court's orders.

MEMORANDUM DECISION AND ORDER – 2

Sixteen days later, Mendez initiated the present case. His complaint largely mirrors the complaint he filed in Case 588 save for one less cause of action and some updated background information. Dkt. 2, at 1.

## III. LEGAL STANDARD

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a Plaintiff's Complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). A frivolous case under section 1915(e)(2)(B)(ii) is one that is "[l]acking a legal basis or legal merit [or is] manifestly insufficient as a matter of law." *See Frivolous*, Black's Law Dictionary (11th ed. 2019).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending a complaint would remedy its deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). On the other hand, if it is beyond doubt that the complaint could not be saved by an amendment, leave to amend will not be granted. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## IV. ANALYSIS

In Mendez's Declaration in Support of Complaint, he states that he is "reopening"

his case against Sony because it was improperly dismissed and because he did not receive various orders in Case 588. Dkt. 2-1. However, even accepting those assertions as true, the proper remedy for Mendez is decidedly *not* to file an entirely new lawsuit. Rather, concerns with a judgment must be raised either on appeal or through a motion before the issuing court in the relevant case. *See* Fed. R. App. P. 3–4; Fed. R. Civ. P. 59(e), 60(b). Mendez appears to be aware of this, given the fact that he already appealed the Court's dismissal of Case 588 to the Ninth Circuit. Case 588, Dkt. 46.[2]

Further, there is no doubt that an amendment of Mendez's Complaint would not remedy its fatal flaws. Mendez has already sued Sony, alleging the same claims and asserting the same facts he asserts here. He cannot have a do-over of that case because he does not like its outcome.

Thus, because Mendez's Complaint is nothing more than an attempted redo of Case 588, and because granting Mendez leave to amend his Complaint will not change that fact, the Court finds that the Complaint is frivolous and dismisses this case with prejudice.[3]

## V. CONCLUSION

Finding that Mendez's Complaint is frivolous, and that it could not be saved by amendment, the Court dismisses this case with prejudice and waives the filing fee.

///

///

///

---

[2] Mendez's appeal was denied as frivolous on November 21, 2023. Case 588, Dkt. 50.

[3] Frivolity is only one of several legal barriers faced by this re-filed case. In the interest of concision, the Court does not address all of them here. It simply notes that, in addition to dismissal for frivolity, this case could also be doomed under the doctrines of res judicata and claim preclusion.

## VI. ORDER

IT IS HEREBY ORDERED:

1.  Upon an initial review of the Complaint, the Court finds it to be frivolous and unsalvageable by amendment. It is therefore **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.  Because the case is dismissed, the Court waives the filing fee that would otherwise be imposed on Mendez.

DATED: December 18, 2023

David C. Nye
Chief U.S. District Court Judge