UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, LLC,<br><br>　　　　Defendant. | Case No. 1:23-cv-00333-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Raul Mendez's Motion for Extension of Time to File Notice of Appeal. Dkt. 10. Defendant Sony Computer Entertainment America, LLC ("Sony") did not respond, and the Motion is now ripe for consideration. Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the Court will decide the Motion on the record without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons stated below, the Court GRANTS Mendez's Motion.

## II. BACKGROUND

This case is a reassertion by Mendez of a case he originally brought before the Court in December 2020. *See Mendez v. Sony Computer Entertainment America, LLC*, Case No. 1:20-cv-00588-DCN (hereinafter "Case 588"). In that case, as here, Mendez sought damages

from Sony for its alleged removal from Mendez's PlayStation of digital content that Mendez had purchased. Finding that the dispute was subject to an arbitration provision under the PlayStation Network Terms of Service and User Agreement, the Court stayed Case 588 and ordered that Mendez pursue his claims through arbitration. Case 588, Dkt. 17.

In response to the Court's order, Mendez filed a Motion to Lift Stay. Case 588, Dkt. 19. Upon consideration, the Court denied his motion. Unhappy with the Court's denial, Mendez refiled a nearly identical motion, again requesting that the stay be lifted. Case 588, Dkt. 34. The Court again declined to lift the stay and warned Mendez that his filing of repetitive motions could result in sanctions under Rule 11 of the Federal Rules of Civil Procedure.[1] Case 588, Dkt. 39, at 2. Undeterred, Mendez filed a third Motion to Lift Stay, reproducing his previous motions in all material aspects. Case 588, Dkt. 40.

On May 5, 2023, the Court denied Mendez's motion for a third time and allotted him thirty days to file a document showing cause why he should not be sanctioned under Rule 11. Case 588, Dkt. 41, at 5. Failure to do so, the Court cautioned, would result in dismissal of his case and the imposition of a $200 fine. *Id.* at 5. Instead of filing the requested document, Mendez filed a Motion for Extension of Time to File Appeal. Case 588, Dkt. 42. The Court denied that motion, but on its own initiative, it granted Mendez seven *additional* days to show cause why he should not be sanctioned. Case 588, Dkt. 43. On July 3, 2023, having not received the requested filing, the Court dismissed Mendez's

---

[1] This was not the first time the Court had been confronted with duplicative, repetitive filings from Mendez. A brief history of the Court's dealings with Mendez is set forth in *Mendez v. City of Boise*, 2022 WL 834646 at *3–9 (D. Idaho Mar. 21, 2022). There, the Court warned Mendez that he could be declared a vexatious litigant if he refuses to follow the Court's orders.

MEMORANDUM DECISION AND ORDER - 2

case with prejudice and ordered that he pay the aforementioned fine. Case 588, Dkt. 44, at 5–6.

Sixteen days later, Mendez initiated the present case, filing a Complaint that largely mirrored the complaint he filed in Case 588, save for one less cause of action and some updated background information. Dkt. 2, at 1. Because Mendez had already had his metaphorical "bite at the apple" for his dispute with Sony, the Court dismissed Mendez's Complaint as frivolous. Dkt. 6.

Mendez filed a notice of appeal one day *after* his thirty-day deadline. Dkt. 8. On January 24, 2024, the Ninth Circuit issued an order stating Mendez must show good cause why his appeal should not be dismissed. Subsequently, Mendez filed the instant Motion, requesting an extension of time to file his notice of appeal. Dkt. 10. The Court initially denied the Motion as moot, holding that a decision on the matter should be made by the Ninth Circuit. Dkt. 11. On March 28, 2024, the Ninth Circuit issued another order, stating that only district courts have authority to grant extensions of time like that requested here by Mendez. Consequently, it remanded the case for the limited purpose of deciding Mendez's Motion on the merits.

### III. LEGAL STANDARD

Federal Rule of Appellate Procedure 4(a)(1)(A) states that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." However, Rule 4(a)(5)(A) allows the district court to extend the time to file a notice of appeal beyond the thirty-day window where (1) the motion seeking an extension is made no later than thirty days after the expiration of time originally prescribed by Rule 4(a) and

MEMORANDUM DECISION AND ORDER - 3

(2) the party seeking the extension shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i)–(ii). In other words, a party who wants to appeal, but fails to file a notice of appeal within thirty days of the judgment must file a motion for extension within *sixty* days of the judgment *and* show good cause or excusable neglect for his or her delay. *See Kreb v. Jacksons Food Stores, Inc.*, 2021 WL 2382473, *2 (D. Idaho June 10, 2021).

The concepts of good cause and excusable neglect significantly overlap, and generally require the consideration of four factors: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000); *Hammer v. City of Sun Valley*, 2018 WL 3973400, at *4 n.3 (D. Idaho Aug. 20, 2018). Ultimately, the decision of whether to extend or enforce a deadline is within the district court's discretion. *See Eisenberg v. Citibank, NA*, 787 F. App'x 929, 931 (9th Cir. 2019).

## IV. ANALYSIS

As a pro se plaintiff, Mendez typically files his motions in-person at the federal courthouse. During the week leading up to Mendez's deadline, the Boise area experienced heavy snowfall. *See, e.g.*, Shaun Goodwin, *Snowmageddon 2.0? Here's how much snow fell in Boise and when another 18 inches could come*, Yahoo News (January 10, 2024), https://perma.cc/3F36-9N36. Mendez claims that the heavy snowfall made travel to the courthouse unsafe and constitutes good cause for his untimely filing. The Court agrees.

Under the first prong of the good-cause analysis, and in the absence of any objection by Sony to Mendez's Motion, the Court is not convinced that granting the Motion would

work any prejudice on Sony. The second prong weighs strongly in Mendez's favor, considering that he filed his Motion for Extension only one day after the deadline. Under the third prong, the Court finds that the severe weather in Boise constitutes a reasonable excuse for Mendez's delay—particularly where he cannot file electronically. Finally, under the fourth prong, Mendez's behavior suggests he has pursued this appeal in good faith. Accordingly, in its discretion, the Court GRANTS Mendez's Motion and extends the deadline to encompass his late filing.

## V. CONCLUSION

Good cause appearing, the Court will extend the filing deadline and accept Mendez's Notice of Appeal, filed January 18, 2024 (Dkt. 8), as timely. Accordingly, Mendez may proceed with his appeal.

## VI. ORDER

IT IS HEREBY ORDERED:

1. Mendez's Motion for Extension of Time to File Notice of Appeal (Dkt. 10) is hereby GRANTED.

    a. Mendez's Notice of Appeal (Dkt. 8) shall be considered timely filed, and Mendez's appeal may proceed.

DATED: April 1, 2024

_____
David C. Nye
Chief U.S. District Court Judge